

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 31, 1957

Hon. Joe Nelson, Director
Board of County and District
  Road Indebtedness
100 Highway Building
Austin, Texas

Dear Mr. Nelson:

Opinion No. WW-206

Re: Concerning the warrants
    that are eligible for
    payment under the Bond
    Assumption Act and are
    being paid out of the
    County Lateral Road
    Account.

On May 16, 1957, the Commissioners' Court of Duval County
entered an order declaring that the Duval County Special
Road Refunding Warrants of 1949 heretofore issued in the
amount of $140,000 were null, void and illegal and notified
the Board of County and District Road Indebtedness that the
county would refuse to pay the warrants and the interest
thereon.

The questions you have presented are as follows:

1.  We have funds on deposit with the State
    Treasurer in the Coupon Paying Account
    for coupons which have matured and have
    not been presented for payment. Please
    advise us if we should stop all payments
    from this Account.

2.  Duval County has funds deposited with us
    for the Sinking Fund of this issue. Please
    advise if these funds could be returned to
    Duval County or should they be held until
    this matter has been settled in Court.

3.  Article 6674Q-7, Paragraph H, of the Re-
    vised Civil Statutes, require us to set
    aside each year from the Lateral Road Ac-
    count money with which to pay the matur-
    ing warrants and interest of this issue.
    Please advise us if we should continue

> annually to set aside funds from the
> Lateral Road Account for the payment
> of the maturing warrants and coupons
> of this issue.

Each of your questions assumes that the refunding warrants
are in fact void, but the unilateral action of the issuing
agency in declaring the obligations of no force and effect
does not necessarily have that effect.

On January 10, 1949, the minutes of the Commissioners' Court
(Volum H, page 281-284) show that the Commissioners' Court
purportedly adopted an order authorizing the refunding of
$50,000 Duval County Road and Bridge Warrants, Series A,
dated December 15, 1938, and $90,000 Duval County Road and
Bridge Warrants, dated December 15, 1938.  These warrants were
refunded into the Duval County Special Road Refunding Warrants
whose validity is now questioned by the Commissioners' Court
of Duval County.

It is elemental that a county may issue time warrants for the
purpose of making authorized expenditures, but such instru-
ments are non-negotiable and subject to all of the defenses
held by the debtor.  Adams v. McGill,  146 S.W. 2d 332 (Tex.
Civ.All., 1940) error ref.   San Patricio County v. McClane,
44 Tex. 392 (1876).  Robertson v. Breedlove,  61 Tex. 316
(1884).

Section 7 of Article 2368(a) is the statute which authorizes
the refunding of warrants issued by a county, and reads, in
part, as follows:

> "The Commissioners' Court of any county . . .
> may pass all necessary orders . . . to pro-
> vide for funding or refunding the whole or
> any part of any legal debt of such county
> . . . by cancelling evidences thereof and
> issuing to the holders or creditors, notes,
> bonds, or treasury warrants . . ."

The statute then prescribes the procedure for the issuance of
refunding bonds, and permits the issuance of notes or treasury
warrants to refund legal debts which were outstanding prior to
the effective date of the Act (1931), and then provides:

"After this Act becomes effective, no item
of indebtedness thereafter issued, except
bonds and matured coupons thereon and except
items of indebtedness to be issued under
contracts made before this law becomes ef-
fective, shall be funded or refunded except
in the manner hereinafter in this subsection
prescribed, to-wit: . . ." (Emphasis sup-
plied)

The statute then permits the issuance of refunding bonds,
after notice of intention has been published if no refer-
endum petition has been presented.

Section 9 declares that any warrants, bonds or notes not
issued in conformity with the Act shall be void and permits
any taxpayer to enjoin the payment of the obligation.

An examination of the order authorizing the refunding of the
warrants into more warrants demonstrates the patent illegal-
ity of the refunding warrants for the failure to comply with
the provisions of Section 7 of Article 2368(a) in that no
notice was given of the intention to issue refunding bonds
(and warrants rather than bonds were issued) and there was no
opportunity for the submission to the electorate as required
by that statute.

Accordingly, you are respectfully advised that the Duval
County Special Road and Bridge Warrants of 1949 are in fact
void.

The courts have repeatedly held that the refunding of obli-
gations does not create a new debt against the issuing agency
since the effect of such operation is to merely change the
nature and characteristics of an existing obligation. City of
Waco v. Mann, 133 Tex. 163, 127 S.W. 2d 879 (1939); Kansas City
Life Ins. Co. v. Evangeline Parish School Board, 58 F.S. 39.
See the cases collected in 15 McQuillin Municipal Corporations,
Section 43.12.

This being true, the holders of the refunding warrants would
be subrogated to the rights and privileges possessed by the
holders of the original warrants sought to be refunded. (Sec-
tion VIII of the order authorizing the refunding warrants ex-
pressly reserved the right of subrogation). We have requested,
but have not been able to obtain, copies of the original orders

Hon. Joe Nelson, page #4 (WW-206)

of the Commissioners' Court whereby the original warrants were issued in 1938, and, accordingly, we are not in a position to advise you as to whether the county complied with the provisions of Article 2368(a), V.C.S., in the issuance of such warrants.

In the light of the above facts, you are respectfully advised that no further payments should be made from the interest and sinking fund to the payment of any of the warrants or interest thereon until the legality of the warrants has been established by a judicial proceeding, and you are further advised that no funds should be returned to Duval County, and that you should continue to set aside funds for the payment of the warrants and coupons from the Lateral Fund Account as authorized by Article 6674(q), paragraph H, V.C.S.

By following this procedure, the rights of the taxpayers, the county and the warrant holders will be preserved until such time as the orders of the Commissioners' Court may be located and a decision rendered by a court of competent jurisdiction.

## SUMMARY

The Duval County Special Road Refunding Warrants of 1949 were not issued in conformity with the provisions of Article 2368(a), V.C.S., and are, therefore, void. The holders of the warrants are subrogated to the rights of the holders of the original warrants, but the validity of those warrants can not be determined by this office without an examination of the orders authorizing their issuance. Moneys now in the sinking fund pertaining to such refunding warrants should be held intact by the Board of County and District Road Indebtedness and payments into the fund should be continued under Article 6674(q),

paragraph H, V.C.S., until such time as
the rights of the taxpayers, warrant hold-
ers, and the county have been adjudicated.

Very truly yours,

WILL WILSON
Attorney General

By

Assistant

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman

J. C. Davis, Jr.

Fred Werkenthin

Grundy Williams

REVIEWED FOR THE ATTORNEY
By: Geo. P. Blackburn